I concur in the result only because I believe the issue for the jury is whether Ford assumed the risk when he entered the horse ring at the auctioneer's request. The defense of assumption of the risk is a form of contributory negligence in which the plaintiff places himself in a dangerous position with appreciation of a known risk. This standard, in theory, is a subjective one, addressed to the particular plaintiff, rather than the reasonable person of ordinary prudence. W. Keeton,Prosser Keeton on Torts, § 65 (5th Ed. 1984). Thus, the question for the jury is whether Ford actually knew the risk that might arise when he entered the sale ring and two horses entered the ring simultaneously. See Attalla Golf CountryClub, Inc. v. Harris, 601 So.2d 965 (Ala. 1992) (the important issue is whether the plaintiff "actually knew" the risk, not whether the plaintiff "should have known the risk"). Because I *Page 604 
think this is the dispositive issue for the jury, I concur in the result only.